IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-78 BO

| | |
|---|---|
| MAURICE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NEIL ELKS, in his official capacity as Pitt ) | |
| County Sheriff, JEFF PHILLIPS, in his ) | |
| individual capacity, RANDY GENTRY, in ) | |
| his individual capacity, and THE ) | |
| CINCINATTI INSURANCE COMPANY, ) | |
| as surety, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted in part and plaintiff's remaining claims are remanded to Pitt County Superior Court for further proceedings.

## BACKGROUND

Plaintiff was formerly employed as a Detention Officer/Reserve Deputy by the Pitt County Sheriff's Office. Plaintiff alleges that on or about September 2, 2012, his position was changed from Deputy Sheriff Basic to Detention Officer Basic. Plaintiff was ultimately terminated from his employment on February 22, 2013. Plaintiff alleges that he was treated more harshly than other deputies and employees who are Caucasian and who engaged in similar conduct as plaintiff.

Plaintiff filed this action in Pitt County Superior Court alleging a claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to due process. Plaintiff further alleges claims for wrongful discharge in violation of North Carolina public policy, violations of the North Carolina constitution, and tortious interference with contract. [DE 1-1].

DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In response to defendants' motion to dismiss, plaintiff takes no position as to defendants' arguments regarding the plausibility of his claim under 42 U.S.C. § 1983. [DE 17]. Rather, plaintiff requests that this Court decline to exercise supplemental jurisdiction over his remaining state law claims and remand the action to Pitt County Superior Court. Having reviewed that allegations in plaintiff's complaint and defendant's motion to dismiss plaintiff's § 1983 due process claim, the Court finds dismissal of this claim is appropriate as plaintiff has failed to sufficiently allege that he had a property interest in his employment with the Pitt County Sheriff's Office. *See, e.g., Whitesell v. Town of Morrisville*, 446 F. Supp. 2d 419, 423 (E.D.N.C. 2006) ("The procedural safeguards of the due process clause extend to plaintiff's 'continued employment only if [he] had a property interest in that employment.'") (citation omitted).

As the basis for federal question jurisdiction in this Court is properly dismissed, and there appears to be no basis for this Court to exercise diversity jurisdiction over plaintiff's claims, the

Court in its discretion declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3). Because defendants have argued that plaintiff's remaining claims are barred by the applicable statute of limitations, the Court finds that the interests of economy and fairness require that the remaining claims be remanded rather than dismissed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351-52 (1988) (noting court's inherent power to remand removed claims once federal claims have been disposed of); *see also Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (applying *Carnegie-Mellon* to claims brought after the doctrine of pendent jurisdiction was codified at 28 U.S.C. § 1367).

## CONCLUSION

Accordingly, defendants' motion to dismiss [DE 14] is GRANTED IN PART and DENIED IN PART. Plaintiff's claim under 42 U.S.C. § 1983 is hereby DISMISSED. Plaintiff's remaining claims are hereby REMANDED to Pitt County Superior Court. The clerk is DIRECTED to close this case.

SO ORDERED, this 12 day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE